# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CVS PHARMACY, INC., RITE AID     :
CORPORATION, and RITE AID       :
HDQTRS. CORP.,                   :
                                  :
               Plaintiffs,   :
                                   :
     v.                           :     Civil Action No.: 1:06-CV-00795-CKK
                                   :
WARNER CHILCOTT HOLDINGS    :     Judge Colleen Kollar-Kotelly
COMPANY III, LTD., WARNER       :
CHILCOTT CORPORATION, WARNER  :     JURY TRIAL DEMANDED
CHILCOTT (US) INC., WARNER      :
CHILCOTT COMPANY, INC. and     :
BARR PHARMACEUTICALS, INC.    :

---

### PLAINTIFF CVS PHARMACY, INC.'S RESPONSES TO WARNER CHILCOTT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO CVS PHARMACY, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff CVS

Pharmacy, Inc. ("Plaintiff") hereby responds to Warner Chilcott's First Request for the

Production of Documents to CVS Pharmacy, Inc.

### <u>GENERAL OBJECTIONS</u>

The following General Objections apply to and are hereby incorporated by

reference in response to each Request for Production of Documents.

1.     Plaintiff objects to each request to the extent that any such request seeks

the disclosure of information and/or documents protected by the attorney-client privilege, the

work product doctrine or any other privilege or immunity from discovery. To the extent that any

such information and/or documents is or may be disclosed in response to Warner Chilcott's First

Requests for Production of Documents, the disclosure of any such information and/or document

is inadvertent and should not be deemed to be a waiver of any privilege or immunity with respect

to that or any other information and/or document.

2.      Plaintiff objects to the Definitions and Instructions section of Warner Chilcott's First Requests for Production of Documents to the extent that the definitions and instructions exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules, and/or differ from the ordinary usage of the English language. Without waiving this objection and subject to it, Plaintiff states that it will respond to the Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the ordinary usage of the English language.

3.      Plaintiff expressly reserves the right to object at trial on relevance or any other ground to the admission of any document produced pursuant to Warner Chilcott's First Requests for Production of Documents. Plaintiff expressly reserves the right to supplement these responses and its production as a result of further investigation and discovery in this matter.

4.      Plaintiff objects to the Definitions and Instructions as applied to the requests as a whole as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they require Plaintiff to conduct a store-by-store search for responsive documents. Plaintiff agrees to search for responsive documents at locations where a significant number of responsive documents are likely to be found, including Plaintiff's administrative headquarters. Plaintiff objects to searching additional locations on the ground that doing so would be unduly burdensome given the likelihood that no additional documents would be found.

5.      Plaintiff objects to the Requests to the extent that they seek individual store purchase records, routine transaction documents and sales documents on the grounds that searching for and producing such documents would be unduly burdensome and would not provide Warner Chilcott with any relevant information that cannot be provided in purchase summaries including electronic data showing Plaintiff's purchases. Therefore, where in response

2

to a request, Plaintiff indicates that they will search for and produce documents concerning its purchases, such documents will exclude individual purchase records and routine transaction documents.

      6.     Plaintiff objects to each request as beyond the scope of permissible discovery to the extent that any such request seeks documents not in Plaintiff's possession, custody, or control.

      7.     Plaintiff objects to the definition of "you" and "your" as overbroad, vague and as seeking to impose on Plaintiff the obligations to provide documents that are beyond its control. Plaintiff further objects to the definition of "you" and "your" to the extent that it includes Plaintiff's agents (including attorneys), current and former affiliates, representatives and any entities from whom Plaintiff has obtained an assignment. For purposes of responding to these requests for production, "you" and "your" shall be interpreted as Plaintiff, its officers, directors, and employees.

      8.     Plaintiff objects to the definition of "document," "relating to," and "communication" to the extent that these definitions individually or together require the production of all responsive e-mails and other computer generated documents and all paper documents reflecting purchase and/or sales on the grounds that such a requirement is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Plaintiff states that it will not conduct any greater search for electronic documents than Defendants agree to conduct for their own electronic documents.

      9.     Plaintiff objects to the Requests to the extent that they seek documents and information that are not relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of relevant documents or information.

10.    Plaintiff objects to definition of the term "Combined Hormonal Contraceptive" and "CHC" as unduly broad and burdensome. In the context of these document requests, the definitions leads to requests for information that are not relevant to the claim or defense of any party and that are not calculated to lead to admissible evidence.

11.    Plaintiff objects to the definition of "Warner Chilcott" as overbroad and vague. For purposes of responding to these requests for production, "Warner Chilcott" shall be interpreted as Warner Chilcott Company, Inc., Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Galen (Chemicals) Ltd. and their respective officers, directors and employees.

12.    Plaintiff objects to the definition of "Barr" as overbroad and vague. For purposes of responding to these requests for production, "Barr" shall be interpreted as Barr Pharmaceuticals, Inc. and its officers, directors, and employees.

13.    Plaintiff objects to Instruction No. 14 to the extent that it seeks to prohibit the redaction of documents produced. Plaintiff will redact documents, if necessary, to prevent the production of portions of documents that are privileged, non-responsive, or otherwise not subject to production.

14.    Plaintiff objects to the Instructions in that they are unduly burdensome and oppressive and seek to impose obligations on Plaintiff that are beyond those required by the Federal Rules of Civil Procedure. More specifically, Plaintiff objects to Instruction No. 15 to the extent that it seeks to require Plaintiff to include on a privilege log information not otherwise required by the Federal Rules of Civil Procedure or the applicable local rules to be provided. Plaintiff also objects to Instruction No. 19 to the extent that it seeks to impose an obligation to supplement that is different from that of the Federal Rules of Civil Procedure. Plaintiff will supplement its answers as required by the Federal Rules of Civil Procedure.

15.     Plaintiff objects to the time frame of the requests as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Where Plaintiff has agreed to produce responsive documents and data, such documents and data will be gathered and produced to the extent that such are reasonably available and can be gathered without undue burden and hardship.

16.     Plaintiff objects to all document requests to the extent that they seek information already in the possession of or otherwise available to Defendants, including, but not limited to, information in the possession of Defendants and the public records which are accessible to all parties.

17.     To the extent that Plaintiff produces any documents or data that is proprietary or otherwise confidential, such documents and data shall be subject to the protective order that is applicable in this case.

18.     Plaintiff's response that it will produce documents should not be understood to suggest that in fact documents exist.

19.     Plaintiff objects to the document requests to the extent that they seek documents and information that will be the subject of expert opinion and testimony as premature. Plaintiff will provide expert disclosures in accordance with the Federal Rules of Civil Procedure and the schedule entered by the Court in this Action.

## DOCUMENT REQUESTS

1.      All documents relating to your purchases of Ovcon, including but not limited to inventory logs, price lists, contracts, purchase orders, bills of lading, invoices, bills, canceled checks, receipts, and all other documents or date reflecting the amounts of Ovcon you purchased, the prices you paid for the Ovcon you purchased, and all applicable rebates, allowances, offsets, chargebacks, or discounts relating to the Ovcon you purchased.

Response: Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome, and seeks information and documents that are not relevant

and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and

without waiving the foregoing objections and the General Objections, Plaintiff will produce

electronic data showing its purchases of Ovcon 35 to the extent that the data is reasonably

available and can be gathered without undue hardship, covering the period of time for which

Plaintiff will be seeking damages.

2.      All documents relating to your sales of Ovcon, including but not limited to pharmacy logs, customer lists, price lists, contracts, purchase orders, bills of lading, invoices, bills, checks received, receipts, and all other documents or data reflecting the amounts of Ovcon you sold and the prices you charged for Ovcon you sold, including all applicable rebates, discounts, chargebacks, offsets, and allowances, the amount of any insurance or other health benefit co-payment(s) that applied to the transaction, the name of each insurance carrier or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) that provided coverage, and the total amount the customer paid.

Response: Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome, and seeks information and documents that are not relevant

and not reasonably calculated to lead to the discovery of admissible evidence and which are

subject to various legal and/or contractual confidentiality restrictions.  Information concerning

Plaintiff's sales and profits (i.e., downstream sales) are not relevant in any way to the claims and

defenses in this case and will not lead to the discovery of admissible evidence.  Plaintiff also

objects on the grounds set forth in the General Objections.

3.      All documents relating to the resale of Ovcon by your direct or indirect customers, including all available information for each sale such as the date and location of the

6

transaction, the name of the customer, the quantity of Ovcon sold, the price charged per unit, the amount of any discounts, coupons, or rebates that the customer received.

    <u>Response</u>:  Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome, and seeks information and documents that are not relevant

and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also

objects on the grounds set forth in the General Objections.

    4.    All price lists and other documents identifying the prices you charge for all of the Combined Hormonal Contraceptives you sell.

    <u>Response</u>:  Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome, and seeks information and documents that are not relevant

and not reasonably calculated to lead to the discovery of admissible evidence and which are

subject to various legal and/or contractual confidentiality restrictions.  Information concerning

Plaintiff's sales and profits (*i.e.,* downstream sales) are not relevant in any way to the claims and

defenses in this case and will not lead to the discovery of admissible evidence.  Plaintiff also

objects on the grounds set forth in the General Objections.

    5.    All documents relating to how you decide which Combined Hormonal Contraceptives to sell and how to price Combined Hormonal Contraceptives, including whether or not to stock both brand-name and generic versions of a given Combined Hormonal Contraceptive, whether or not to stock more than one generic version or label of a given brand-name product, whether or not to stock a brand-name product but not its generic counterpart, whether or not to stock a generic Combined Hormonal Contraceptive but not its brand-name counterpart, how much to charge for generic and brand-name oral contraceptives, and now much to differentiate between the prices charged for generic and brand-name versions of a given Combined Hormonal Contraceptive product.

    <u>Response</u>:  Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome, vague and ambiguous and seeks information and documents

that are not relevant and not reasonably calculated to lead to the discovery of admissible

evidence and which are subject to various legal and/or contractual confidentiality restrictions.

Information concerning Plaintiff's sales and profits (*i.e.,* downstream sales) are not relevant in

any way to the claims and defenses in this case and will not lead to the discovery of admissible

evidence. Subject to and without waiving the foregoing objections and General Objections,

Plaintiff will produce documents discussing whether or not to stock both the brand-name and/or

any generic versions of Ovcon 35.

      6.    All documents relating to competition among Combined Hormonal
Contraceptives, including Ovcon.

      <u>Response</u>: Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome, and seeks information and documents that are not relevant

and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also

objects to this request to the extent that it seeks the production of documents protected from

discovery by the attorney-client privilege and/or work-product doctrine. Subject to and without

waiving the foregoing objections and General Objections set forth above, Plaintiff will produce

(i) documents that compare Ovcon 35 with another product and (ii) documents as indicated in

response to Request No. 5.

      7.    All documents relating to a generic form of Ovcon, including whether or
not you might purchase a generic form of Ovcon if one became available.

      <u>Response</u>: Plaintiff objects to this request for production to the extent that it seeks

the production of documents protected from discovery by the attorney-client privilege and/or

work-product doctrine. Subject to and without waiving the foregoing objections and the General

Objections set forth above, Plaintiff will produce non-privileged responsive documents.

      8.    All documents relating to the impact that drug product detailing of
Combined Hormonal Contraceptives has on your business, including but not limited to the
practice of providing free drug product samples to medical professionals who in turn provide
those free samples to their patients.

      <u>Response</u>: Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome, vague and seeks information and documents that are not

relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Information concerning Plaintiff's sales and profits (*i.e.*, downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections set forth above, Plaintiff will produce documents that discuss free samples of Ovcon 35 being provided to medical professionals if such documents exist.

9.    All documents relating to insurance coverage and reimbursements, co-payments, third party payor coverage, and other health benefit coverage for Ovcon, including, but not limited to, communications with insurance companies, health maintenance organizations, managed care organizations, third party payors, pharmacy benefit managers, state and federal governments, and others.

Response: Plaintiff objects to this request for production on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request to the extent that it calls for the production of communications regarding specific customers as that information is subject to various legal and/or contractual confidentiality restrictions. To the extent that this request seeks information concerning Plaintiff's sales and profits (*i.e.*, downstream sales), such information and documents are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiff also objects on the grounds set forth in the General Objections.

10.    All documents concerning any assignment of rights or other transfer of interests relating to your participation in this Litigation.

Response: Plaintiff objects to this request for production on the grounds that it is overly broad, unduly burdensome and seek documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and the work-product doctrine. Subject to and without waiving the foregoing

objections and the General Objections set forth above, Plaintiff will produce any assignments

which have been provided to them that concern Ovcon 35 and any non-privileged

communications with the assignors regarding the assignment.

11.    All documents relating to or reflecting your communications with third
parties, including but not limited to the Federal Trade Commission and any State Attorneys
General office, that relate to Ovcon, your participation in this Litigation, or any of the
Defendants in this Litigation.

Response: Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome and seek documents that are not relevant or reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request

on the grounds that it seeks the production of documents protected from discovery by the

attorney-client privilege and/or the work-product doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing objections and the General Objections set forth

above, Plaintiff will produce non-privileged responsive documents to the extent those documents

have not already been provided to Defendants in this litigation.

12.    All documents relating to damages you claim to have suffered, including
calculations of the total amount of damages claimed and how such damages were calculated.

Response: Plaintiff objects to this request for production to the extent that it seeks

documents that are protected from discovery by the attorney-client privilege and/or work-product

doctrine. Plaintiff further objects to this request on the ground that it is premature. The amount

of Plaintiff's respective damages will be the subject of expert opinion and testimony and will be

disclosed in accordance with the Federal Rules of Civil Procedure, the local rules, the Court's

orders, and any other agreements among the parties concerning expert discovery. Subject to and

without waiving the foregoing objections and General Objections, Plaintiff will produce

electronic purchase data in response to Request No. 1.

10

13.    All sworn testimony given by you, or any of your agents or representatives in their capacity as such, in any litigation relating to prescription drugs or prescription drug benefits.

Response: Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome and seeks the production of documents from Plaintiff that are

not reasonably calculated to lead to discovery of admissible evidence in this case to the extent

that it seeks from Plaintiff the production of documents relating to other lawsuits and/or other

prescription drugs. Plaintiff also objects to this request to the extent that it seeks the production

of information that is subject to various protective orders. Plaintiff also objects on the grounds

set forth in the General Objections.

14.    All documents relating to each instance in which a government entity or agency has accused, charged, or convicted you of a crime or other violation of law.

Response: Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome and seeks the production of documents from Plaintiff that are

not relevant to the claims and defenses in this case and not reasonably calculated to lead to the

discovery of admissible evidence. Plaintiff also objects to this request to the extent that it seeks

the production of documents protected from discovery by the attorney-client privilege and/or

work-product doctrine. Plaintiff also objects on the grounds set forth in the General Objections.

15.    All documents relating to any contract, agreement, or understanding with a third party in which you or the third party agreed to purchase, sell, manufacture, supply, or distribute any pharmaceutical product on an exclusive basis.

Response: Plaintiff objects to this request for production on the grounds that it is

overly broad, unduly burdensome, and seeks information and documents that are not relevant

and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also

objects to this request to the extent that it seeks documents and information which are subject to

various legal and/or contractual confidentiality restrictions. Information concerning Plaintiff's

sales and profits (*i.e.*, downstream sales) are not relevant in any way to the claims and defenses

11

in this case and will not lead to the discovery of admissible evidence. Plaintiff also objects on the grounds set forth in the General Objections.

16.    All documents relating to this Litigation and your decision to participate in this Litigation.

Response:  Plaintiff objects to this request for production on the grounds that it is overly broad, unduly burdensome and seeks the production of documents from Plaintiff that are not relevant to the claims and defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and/or work-product doctrine. Plaintiff also objects on the grounds set forth in the General Objections.

17.    All documents relating to any manner of payment or compensation you have received or expect to receive as a result of your participation in this Litigation.

Response:  Plaintiff objects to this request for production on the grounds that it is overly broad, unduly burdensome and seeks the production of documents from Plaintiff that are not relevant to the claims and defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections and General Objections, Plaintiff will produce electronic purchase data in response to Request No. 1.

18.    All documents relating to any of the following individuals or entities: Cardinal Health, Inc.

Response:  Plaintiff objects to this request for production on the grounds that it is overly broad, unduly burdensome and seeks the production of documents from Plaintiff that are not relevant to the claims and defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request to the extent that it seeks

documents and information which are subject to various legal and/or contractual confidentiality

restrictions. Plaintiff also objects on the grounds set forth in the General Objections.

      19.    All expert reports, other materials or documents which were reviewed or
relied upon, in whole or in part, by any expert you expect to call or may call to testify in this
Litigation at any time, including but not limited to class certification proceedings, summary
judgment proceedings, and trial.

    Response: Plaintiff objects to this request for production to the extent that it seeks

documents and information protected from discovery by the work-product privilege. Plaintiff

also objects to this request on the ground that it is premature. Documents which have been relied

upon by testifying experts will be disclosed in accordance with the Federal Rules of Civil

Procedure, the local rules, the Court's orders, and any other agreements among the parties

concerning expert discovery.

      20.    All documents you intend to use in support of your allegations in this
Litigation.

    Response: Plaintiff objects to this request for production on the grounds that it is

overly broad, vague, unduly burdensome, and ambiguous. Plaintiff also objects to this request

on the basis that it invades the attorney's work-product and/or attorney-client privilege. Further,

Plaintiff objects on the grounds set forth in the General Objections.

      21.    All documents you referred to, described, or relied upon in your responses
to Warner Chilcott's First Set of Interrogatories To CVS Pharmacy, Inc.

    Response: Plaintiff objects to this request for production on the grounds to the

extent that it calls for the production of documents covered by the attorney-client privilege

and/or work product doctrine. Plaintiff also objects to this request on the grounds set forth in the

Objections section of Plaintiff's Responses to Warner Chilcott's First Set of Interrogatories to

CVS Pharmacy, Inc. Subject to and without waiving the foregoing objections and General

Objections, Plaintiff will produce any non-privileged documents that have not previously been

produced.

22.    All documents not mentioned above that relate to Ovcon or this Litigation.

Response:  Plaintiff objects to this request for production on the grounds that it is overly broad, vague, unduly burdensome, and ambiguous.  Plaintiff also objects to this request on the basis that it invades the attorney's work-product and/or attorney-client privilege.  Further, Plaintiff objects on the grounds set forth in the General Objections.

Respectfully submitted,

Steve D. Shadowen
Monica L. Rebuck
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA  17101-1701
Telephone:  (717) 364-1030
Facsimile:  (717) 364-1020

*Attorneys for Plaintiff CVS Pharmacy, Inc.*

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel electronically via the Ovcon'35 Secure Deal Room website on September 20, 2006.

_____
Monica L. Rebuck

# EXHIBIT D

## SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

———

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-7685

E-MAIL ADDRESS
msertich@stblaw.com

BY EMAIL

October 25, 2006

Re:     CVS Pharmacy, Inc., et al. v. Warner Chilcott Holdings
        Company III, Ltd., et al. (No. 06-CV-00795 CKK)

Monica L. Rebuck
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA  17101-1701

Dear Monica:

        This letter memorializes our conversations last week regarding the document
requests and interrogatories served by Warner Chilcott on CVS.

        During our telephonic meet and confer on October 18th, you stated that CVS objects
to the production of documents or information concerning: (1) any responsive documents in
the custody and control of its assignor in the above-captioned case, Cardinal Health, Inc.; (2)
any documents relating to combined hormonal contraceptives other than Ovcon 35; and (3)
any documents regarding CVS's downstream sales of any product. As I advised you, to the
extent your objection rests on the alleged burden of producing such categories of documents,
we remain willing to discuss with you the possibility of limiting the scope of any
production. However, these documents are clearly relevant to the claims and defenses in
this case. Accordingly, unless we hear that CVS will reconsider its position by the close of
business tomorrow, Warner Chilcott will file a motion to compel such documents.

        In addition, we request that CVS produce documents relating to any exclusive
contracts CVS has with third parties. In our discussions, you based your refusal to produce
such documents on their confidential nature. Under the Joint Protective Order Governing
Discovery Material dated June 12, 2006, you may designate these documents Highly
Confidential. Therefore, we request you produce these documents immediately.

        Finally, please confirm that CVS will produce contracts between CVS and third
party payors from the year 2002 to the present if Warner Chilcott limits its request to
approximately ten third party payors. We are in the process of identifying ten third-party
payors and will forward a list upon your confirmation.

LOS ANGELES        PALO ALTO        WASHINGTON, D.C.        HONG KONG        LONDON        TOKYO

SIMPSON THACHER & BARTLETT LLP

Monica L. Rebuck                    -2-                    October 25, 2006

I look forward to your prompt reply.  Thank you.

Very truly yours,

Manda M. Sertich

cc:    Contact Attorneys (via website)