# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CVS PHARMACY, INC., RITE AID CORPORATION, and RITE AID HDQTRS. CORP., | : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | Civil Action No.: 1:06-CV-00795-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC. and BARR PHARMACEUTICALS, INC. | : Judge Colleen Kollar-Kotelly <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : |

**PLAINTIFFS RITE AID CORPORATION AND RITE AID HDQTRS. CORP.'S RESPONSES TO BARR PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO RITE AID CORPORATION AND RITE AID HDQTRS CORP.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Rite Aid Corporation and Rite Aid Hdqtrs. Corp. ("Plaintiffs") hereby respond to Barr Pharmaceuticals, Inc.'s First Request for the Production of Documents to Rite Aid Corporation and Rite Aid Hdqtrs. Corp.

**GENERAL OBJECTIONS**

1.      Plaintiffs object to each request to the extent that any such request seeks the disclosure of information and/or documents protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery. To the extent that any such information and/or documents is or may be disclosed in response to Barr Pharmaceutical, Inc.'s First Requests for Production of Documents, the disclosure of any such information and/or

document is inadvertent and should not be deemed to be a waiver of any privilege or immunity with respect to that or any other information and/or document.

2. Plaintiffs object to the Definitions and Instructions section of Barr Pharmaceutical, Inc.'s First Requests for Production of Documents to the extent that the definitions and instructions exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules, and/or differ from the ordinary usage of the English language. Without waiving this objection and subject to it, Plaintiffs state that they will respond to the Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the ordinary usage of the English language.

3. Plaintiffs expressly reserve the right to object at trial on relevance or any other ground to the admission of any document produced pursuant to Barr Pharmaceutical, Inc.'s First Requests for Production of Documents. Plaintiff expressly reserves the right to supplement these responses and their production as a result of further investigation and discovery in this matter.

4. Plaintiffs object to the Definitions and Instructions as applied to the requests as a whole as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they require Plaintiffs to conduct a store-by-store search for responsive documents. Plaintiffs agree to search for responsive documents at locations where a significant number of responsive documents are likely to be found, including Plaintiffs' administrative headquarters. Plaintiffs object to searching additional locations on the ground that doing so would be unduly burdensome given the likelihood that no additional documents would be found.

5. Plaintiffs object to the Requests to the extent that they seek individual store purchase records, routine transaction documents and sales documents on the grounds that

2

searching for and producing such documents would be unduly burdensome and would not provide Barr Pharmacueticals with any relevant information that cannot be provided in purchase summaries including electronic data showing Plaintiffs' purchases. Therefore, where in response to a request, Plaintiffs indicate that they will search for and produce documents concerning their respective purchases, such documents will exclude individual purchase records and routine transaction documents.

      6.     Plaintiffs object to each request as beyond the scope of permissible discovery to the extent that any such request seeks documents not in Plaintiffs' possession, custody, or control.

      7.     Plaintiffs object to the definition of "you" and "your" as overbroad, vague and as seeking to impose on Plaintiffs the obligations to provide documents that are beyond their control. Plaintiffs further object to the definition of "you" and "your" to the extent that it includes Plaintiffs' agents (including attorneys), current and former affiliates, representatives and any entities from whom Plaintiffs have obtained an assignment. For purposes of responding to these requests for production, "you" and "your" shall be interpreted as Plaintiffs, their officers, directors, and employees.

      8.     Plaintiffs object to the definition of "document," "relating to," and "communication" to the extent that these definitions individually or together require the production of all responsive e-mails and other computer generated documents and all paper documents reflecting purchase and/or sales on the grounds that such a requirement is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Plaintiffs state that they will not conduct any greater search for electronic documents than Defendants agree to conduct for their own electronic documents.

9. Plaintiffs object to the Requests to the extent that they seek documents and information that are not relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of relevant documents or information.

10. Plaintiffs object to definition of the term "Combined Hormonal Contraceptive" and "CHC" as unduly broad and burdensome. In the context of these document requests, the definitions leads to requests for information that are not relevant to the claim or defense of any party and that are not calculated to lead to admissible evidence.

11. Plaintiffs object to the definition of "Warner Chilcott" as overbroad and vague. For purposes of responding to these requests for production, "Warner Chilcott" shall be interpreted as Warner Chilcott Company, Inc., Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Galen (Chemicals) Ltd. and their respective officers, directors and employees.

12. Plaintiffs object to the definition of "Barr" as overbroad and vague. For purposes of responding to these requests for production, "Barr" shall be interpreted as Barr Pharmaceuticals, Inc. and its officers, directors, and employees.

13. Plaintiffs object to Instruction No. 14 to the extent that it seeks to prohibit the redaction of documents produced. Plaintiffs will redact documents, if necessary, to prevent the production of portions of documents that are privileged, non-responsive, or otherwise not subject to production.

14. Plaintiffs object to the Instructions in that they are unduly burdensome and oppressive and seek to impose obligations on Plaintiffs that are beyond those required by the Federal Rules of Civil Procedure. More specifically, Plaintiff objects to Instruction No. 15 to the extent that it seeks to require Plaintiffs to include on a privilege log information not otherwise required by the Federal Rules of Civil Procedure or the applicable local rules to be provided.

Plaintiffs also object to Instruction No. 19 to the extent that it seeks to impose an obligation to supplement that is different from that of the Federal Rules of Civil Procedure. Plaintiffs will supplement their answers as required by the Federal Rules of Civil Procedure.

15. Plaintiffs object to the time frame of the requests as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Where Plaintiffs have agreed to produce responsive documents and data, such documents and data will be gathered and produced to the extent that such are reasonably available and can be gathered without undue burden and hardship.

16. Plaintiffs object to all document requests to the extent that they seek information already in the possession of or otherwise available to Defendants, including, but not limited to, information in the possession of Defendants and the public records which are accessible to all parties.

17. To the extent that Plaintiffs produce any documents or data that is proprietary or otherwise confidential, such documents and data shall be subject to the protective order that is applicable in this case.

18. Plaintiffs' response that they will produce documents should not be understood to suggest that in fact documents exist.

19. Plaintiffs object to the document requests to the extent that they seek documents and information that will be the subject of expert opinion and testimony as premature. Plaintiffs will provide expert disclosures in accordance with the Federal Rules of Civil Procedure and the schedule entered by the Court in this Action.

## DOCUMENT REQUESTS

1.  All documents relating to your purchases of Ovcon, including but not limited to inventory logs, price lists, contracts, purchase orders, bills of lading, invoices, bills, canceled checks, receipts, and all other documents or date reflecting the amounts of Ovcon you purchased, the prices you paid for the Ovcon you purchased, and all applicable rebates, allowances, offsets, chargebacks, or discounts relating to the Ovcon you purchased.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce electronic data showing their respective purchases of Ovcon 35 to the extent that the data is reasonably available and can be gathered without undue hardship, covering the period of time for which Plaintiffs will be seeking damages.

2.  All documents relating to your sales of Ovcon, including but not limited to pharmacy logs, customer lists, price lists, contracts, purchase orders, bills of lading, invoices, bills, checks received, receipts, and all other documents or data reflecting the amounts of Ovcon you sold and the prices charged for Ovcon you sold, including all applicable rebates, discounts, chargebacks, offsets, and allowances, the amount of any insurance or other health benefit co-payment(s) that applied to the transaction, the name of each insurance carrier or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) that provided coverage, and the total amount the customer paid.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (*i.e.*, downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

3.  All documents relating to the resale of Ovcon by your direct or indirect customers, including all available information for each sale such as the date and location of the

transaction, the name of the customer, the quantity of Ovcon sold, the price charged per unit, the amount of any discounts, coupons, or rebates that the customer received.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

4. All price lists and other documents identifying the prices you charge for all of the Combined Hormonal Contraceptives you sell.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

5. All documents relating to how you decide which Combined Hormonal Contraceptives to sell and how to price Combined Hormonal Contraceptives, including whether or not to stock both brand-name and generic versions of a given Combined Hormonal Contraceptive, whether or not to stock more than one generic version or label of a given brand-name product, whether or not to stock a brand-name product but not its generic counterpart, whether or not to stock a generic Combined Hormonal Contraceptive but not its brand-name counterpart, how much to charge for generic and brand-name oral contraceptives, and now much to differentiate between the prices charged for generic and brand-name versions of a given Combined Hormonal Contraceptive product.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (i.e., downstream sales) are not relevant in

7

any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and General Objections, Plaintiffs will produce documents discussing whether or not to stock both the brand-name and/or any generic versions of Ovcon 35.

      6.    All documents relating to competition among Combined Hormonal Contraceptives, including Ovcon.

      Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections and General Objections set forth above Plaintiffs will produce (i) documents that compare Ovcon 35 with another product and (ii) documents as indicated in response to Request No. 5.

      7.    All documents relating to a generic form of Ovcon, including whether or not you might purchase a generic form of Ovcon if one became available.

      Response: Plaintiffs object to this request for production to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents.

      8.    All documents relating to the impact that drug product detailing of Combined Hormonal Contraceptives has on your business, including but not limited to the practice of providing free drug product samples to medical professionals who in turn provide those free samples to their patients.

      Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, vague and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

8

Information concerning Plaintiffs' sales and profits (*i.e.*, downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections set forth above, Plaintiffs will produce documents that discuss free samples of Ovcon being provided to medical professionals if such documents exist.

9. All documents relating to insurance coverage and reimbursements, co-payments, third party payor coverage, and other health benefit coverage for Ovcon, including, but not limited to, communications with insurance companies, health maintenance organizations, managed care organizations, third party payors, pharmacy benefit managers, state and federal governments, and others.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it calls for the production of communications regarding specific customers as that information is subject to various legal and/or contractual confidentiality restrictions. To the extent that this request seeks information concerning Plaintiffs' sales and profits (*i.e.*, downstream sales), such information and documents are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

10. All documents concerning any assignment of rights or other transfer of interests relating to your participation in this Litigation.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome and seek documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and the work-product doctrine. Subject to the foregoing and the General

9

Objections set forth above, Plaintiffs will produce any assignments which have been provided to them that concern Ovcon and any non-privileged communications with the assignors regarding the assignment.

11. All documents relating to or reflecting your communications with third parties, including but not limited to the Federal Trade Commission and any State Attorneys General office, that relate to Ovcon, your participation in this Litigation, or any of the Defendants in this Litigation.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome and seek documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request on the grounds that it seeks the production of documents protected from discovery by the attorney-client privilege and/or the work-product doctrine and/or any other applicable privilege. Subject to and without waiving the foregoing objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents to the extent those documents have not already been provided to Defendants in this litigation.

12. All documents relating to damages you claim to have suffered, including calculations of the total amount of damages claimed and how such damages were calculated.

Response: Plaintiffs object to this request for production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Plaintiffs further object to this request on the ground that it is premature. The amount of Plaintiffs' respective damages will be the subject of expert opinion and testimony and will be disclosed in accordance with the Federal Rules of Civil Procedure, the local rules, the Court's orders, and any other agreements among the parties concerning expert discovery. Subject to and without waiving the foregoing objections and General Objections, Plaintiffs will produce electronic purchase data in response to Request No. 1.

13.   All sworn testimony given by you, or any of your agents or representatives in their capacity as such, in any litigation relating to prescription drugs or prescription drug benefits.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome and seeks the production of documents from Plaintiffs that are not reasonably calculated to lead to discovery of admissible evidence in this case to the extent that it seeks from Plaintiffs the production of documents relating to other lawsuits and/or other prescription drugs. Plaintiffs also object to this request to the extent that it seeks the production of information that is subject to various protective orders. Plaintiffs also object on the grounds set forth in the General Objections.

14.   All documents relating to each instance in which a government entity or agency has accused, charged, or convicted you of a crime or other violation of law.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome and seeks the production of documents from Plaintiffs that are not relevant to the claims and defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and/or work-product doctrine. Plaintiffs also object on the grounds set forth in the General Objections.

15.   All documents relating to any contract, agreement, or understanding with a third party in which you or the third party agreed to purchase, sell, manufacture, supply, or distribute any pharmaceutical product on an exclusive basis.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it seeks documents and information which are subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (*i.e.*, downstream sales) are not relevant in any way to the claims and defenses

11

in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

16.     All documents relating to this Litigation and your decision to participate in this Litigation.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome and seeks the production of documents from Plaintiffs that are not relevant to the claims and defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and/or work-product doctrine. Plaintiffs also object on the grounds set forth in the General Objections.

17.     All documents relating to any manner of payment or compensation you have received or expect to receive as a result of your participation in this Litigation.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome and seeks the production of documents from Plaintiffs that are not relevant to the claims and defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections and General Objections, Plaintiffs will produce electronic purchase data in response to Request No. 1.

18.     All documents relating to any of the following individuals or entities: McKesson Corporation.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, unduly burdensome and seeks the production of documents from Plaintiffs that are not relevant to the claims and defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request to the extent that it seeks

documents and information which are subject to various legal and/or contractual confidentiality restrictions. Plaintiffs also object on the grounds set forth in the General Objections.

19. All expert reports, other materials or documents which were reviewed or relied upon, in whole or in part, by any expert you expect to call or may call to testify in this Litigation at any time, including but not limited to class certification proceedings, summary judgment proceedings, and trial.

Response: Plaintiffs object to this request for production to the extent that it seeks documents and information protected from discovery by the work-product privilege. Plaintiffs also object to this request on the ground that it is premature. Documents which have been relied upon by testifying experts will be disclosed in accordance with the Federal Rules of Civil Procedure, the local rules, the Court's orders, and any other agreements among the parties concerning expert discovery.

20. All documents you intend to use in support of your allegations in this Litigation.

Response: Plaintiffs object to this request for production on the grounds that it is overly broad, vague, unduly burdensome, and ambiguous. Plaintiffs also object to this request on the basis that it invades the attorney's work-product and/or attorney-client privilege. Further, Plaintiffs object on the grounds set forth in the General Objections.

21. All documents you referred to, described, or relied upon in your responses to Barr Pharmaceuticals, Inc.'s First Set of Interrogatories To Rite Aid Corporation and Rite Aid Hdqtrs. Corp.

Response: Plaintiffs object to this request for production on the grounds to the extent that it calls for the production of documents covered by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this request on the grounds set forth in the Objections section of Plaintiffs' Responses to Barr Pharmaceutical, Inc.'s First Set of Interrogatories to Rite Aid Corporation and Rite Aid Hdqtrs. Corp. Subject to and without

waiving the foregoing objections and General Objections, Plaintiff will produce any non-privileged documents that have not previously been produced.

22.     All documents not mentioned above that relate to Ovcon or this Litigation.

<u>Response</u>:  Plaintiffs object to this request for production on the grounds that it is overly broad, vague, unduly burdensome, and ambiguous.  Plaintiffs also object to this request on the basis that it invades the attorney's work-product and/or attorney-client privilege.  Further, Plaintiffs object on the grounds set forth in the General Objections.

Respectfully submitted,

_____
Steve D. Shadowen
Monica L. Rebuck
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA  17101-1701
Telephone:  (717) 364-1030
Facsimile:  (717) 364-1020

*Attorneys for Plaintiff*
*Rite Aid Corporation and*
*Rite Aid Hdqtrs. Corp.*

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel electronically via the Ovcon'35 Secure Deal Room website on September 20, 2006.

_____
Monica L. Rebuck