# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CVS PHARMACY, INC., RITE AID          :
CORPORATION, and RITE AID            :
HDQTRS. CORP.,                       :
                                     :
                    Plaintiffs,      :
                                     :
        v.                           :        Civil Action No.: 1:06-CV-00795-CKK
                                     :
WARNER CHILCOTT HOLDINGS             :        Judge Colleen Kollar-Kotelly
COMPANY III, LTD., WARNER            :
CHILCOTT CORPORATION, WARNER  :        JURY TRIAL DEMANDED
CHILCOTT (US) INC., WARNER           :
CHILCOTT COMPANY, INC. and           :
BARR PHARMACEUTICALS, INC.           :

---

## PLAINTIFFS RITE AID CORPORATION AND RITE AID HDQTRS. CORP.'S RESPONSES TO BARR PHARMACEUTICALS, INC.'S FIRST SET OF INTERROGATORIES TO RITE AID CORPORATION AND RITE AID HDQTRS. CORP.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Rite Aid

Corporation and Rite Aid Hdqtrs. Corp. ("Plaintiffs") hereby responds to Barr Pharmaceuticals,

Inc.'s First Set of Interrogatories to Rite Aid Corporation and Rite Aid Hdqtrs. Corp.

### GENERAL OBJECTIONS

The following General Objections apply to and are hereby incorporated by

reference in response to each interrogatory.

1.      Plaintiffs object to each interrogatory to the extent that any such

interrogatory seeks the disclosure of information and/or documents protected by the attorney-

client privilege, the work-product doctrine or any other privilege or immunity from discovery.

To the extent that any such information and/or documents is or may be disclosed in response to

Barr Pharmaceuticals' First Set of Interrogatories, the disclosure of any such information and/or

document is inadvertent and should not be deemed to be a waiver of any privilege or immunity with respect to that or any other information and/or document.

2.      Plaintiffs object to the Definitions and Instructions section of Barr Pharmaceutical's First Set of Interrogatories to the extent that the definitions and instructions exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules, and/or differ from the ordinary usage of the English language. Without waiving this objection and subject to it, Plaintiffs state that it will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the ordinary usage of the English language.

3.      Plaintiffs object to the interrogatories as a whole to the extent that they seek information and documents that are unreasonably and needlessly broad in scope, and are thus not relevant to the subject matter and issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiffs expressly reserve the right to object at trial on relevance or any other ground to the admission of any interrogatory response provided herein. In addition, Plaintiffs expressly reserve the right to supplement their interrogatory responses as a result of further investigation and discovery in this matter.

5.      Plaintiffs object to each interrogatory as beyond the scope of permissible discovery to the extent that any such interrogatory seeks documents not in Plaintiffs' possession, custody, or control.

6.      Plaintiffs object to the definition of "you" and "your" as overbroad, vague and as seeking to impose on Plaintiffs the obligations to provide documents that are beyond their control. Plaintiffs further object to the definition of "you" and "your" to the extent that it

2

includes Plaintiffs' agents (including attorneys), current and former affiliates, representatives and any entities from whom Plaintiffs have obtained an assignment. For purposes of responding to these requests for production, "you" and "your" shall be interpreted as each respective Plaintiffs, its officers, directors, and employees.

7.    Plaintiffs object to the definition of "document," "relating to," and "communication" to the extent that these definitions individually or together require the production of all responsive e-mails and other computer generated documents and all paper documents reflecting purchase and/or sales on the grounds that such a requirement is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Plaintiffs state that they will not conduct any greater search for electronic documents than Defendants agree to conduct for their own electronic documents.

8.    Plaintiffs object to the interrogatories to the extent that they seek documents and information that are not relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of relevant documents or information.

9.    Plaintiffs object to the definition of the term "Combined Hormonal Contraceptive" and "CHC" as unduly broad and burdensome. In the context of these document requests, the definitions leads to requests for information that are not relevant to the claim or defense of any party and that are not calculated to lead to admissible evidence.

10.    Plaintiffs object to the definition of "Warner Chilcott" as overbroad and vague. For purposes of responding to these interrogatories, "Warner Chilcott" shall be interpreted as Warner Chilcott Company, Inc., Warner Chilcott Holdings Company III, Ltd.,

Warner Chilcott Corporation, Warner Chilcott (US) Inc., Galen (Chemicals) Ltd. and their respective officers, directors and employees.

        11.     Plaintiffs object to the definition of "Barr" as overbroad and vague.  For purposes of responding to these interrogatories, "Barr" shall be interpreted as Barr Pharmaceuticals, Inc. and its officers, directors, and employees.

        12.     Plaintiffs object to the Instructions in that they are unduly burdensome and oppressive and seek to impose obligations on Plaintiffs that are beyond those required by the Federal Rules of Civil Procedure.  More specifically, Plaintiffs object to Instruction No. 21 to the extent that it seeks to impose an obligation to supplement that is different from that of the Federal Rules of Civil Procedure.  Plaintiffs will supplement their answers as required by the Federal Rules of Civil Procedure.  Plaintiffs also object to Instruction No. 17 to the extent that it seeks to require Plaintiffs to describe the efforts it undertook in connection with answering the interrogatories.

        13.     Plaintiffs object to the time frame of the interrogatories as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

        14.     Plaintiffs object to the interrogatories to the extent that they seek information that will be the subject of expert opinion and testimony as premature.  Plaintiffs will provide expert disclosures in accordance with the Federal Rules of Civil Procedure and the schedule entered by the Court in this Action.

## INTERROGATORIES

        1.     Identify all persons, including, but not limited to, your current and former employees, who have, claim to have, or whom you believe may have knowledge or information relating to this Litigation, any fact alleged in the pleadings (as defined in FED. R. CIV. P. 7(a)) filed in this Litigation, or any fact underlying the subject matter of this Litigation, and identify the nature and substance of the knowledge you believe each such person may have.

Response: Plaintiffs object to this interrogatory to the extent that it seeks the disclosure of information protected from discovery by the work-product doctrine and/or the disclosure of information that is within the control of Defendants. Subject to and without waiving the foregoing objections and the General Objections, the following people have knowledge of Plaintiffs' purchases of Ovcon 35 and desire to make available an AB rated generic to Plaintiffs' customers:

|  |  |
|---|---|
| Name: | David Vucurevich<br>Vice President, Pharmacy Purchasing |
| Address | 30 Hunter Lane<br>Camp Hill, PA 17011 |

In addition, Defendants' employees and attorneys have knowledge that is pertinent to Plaintiffs' claim. As discovery is on-going, Plaintiffs reserve the right to amend this answer.

2.    For each year since January 1, 2000, identify all persons, including, but not limited to, your current and former employees, who have responsibilities relating to the purchase or sale of Combined Hormonal Contraceptives, including, but not limited to, Ovcon 35.

Response: Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks the production of documents and information that are not reasonably calculated to lead to the discovery of admissible evidence. Information concerning Plaintiffs' sales and profits (*i.e.,* downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, see response to Interrogatory No. 1.

3.    For each year since January 1, 2000, and by month within each such year, identify your purchases of Ovcon 35, including for each transaction the date and location of the transaction, the name of the purchaser, the quantity of Ovcon 35 purchased, the price charged per

5

unit, the amount of any discounts, coupons, or rebates that you received, and the total amount you paid.

Response: Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and seeks the production of documents and information that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory to the extent that it seeks information in the custody and control of a third party. Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs state that pursuant to Rule 33 of the Federal Rules of Civil Procedure and in response to the Defendant's document requests, Plaintiffs will produce electronic data showing purchases of Ovcon 35 and documents which reflect the rebates and discounts which are specifically related to Plaintiffs' purchases of Ovcon 35 to the extent that any such documents exist.

4.    For each year since January 1, 2000, by month within each such year, identify your sales of Ovcon 35, including for each transaction the date and location of the transaction, the name of the customer, the quantity of Ovcon 35 sold, the price charged per unit, the amount of any discounts, coupons, offsets, or rebates that the customer received, the amount of any insurance or other health benefit co-payment that applied to the transaction, the name of each insurance carrier or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) pursuant to which coverage was provided, and the total amount the customer paid.

Response: Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, seeks the production of documents and information that are not reasonably calculated to lead to the discovery of admissible evidence, and seeks information subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiffs' sales and profits (*i.e.,* "downstream sales") is not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

6

5.    Identify and describe how you decide which Combined Hormonal Contraceptives to sell and how to sell them, including: (i) whether or not to stock both the brand-name and generic versions of a given Combined Hormonal Contraceptive product; (ii) whether or not to stock more than one generic version or label of a given Combined Hormonal Contraceptive product; (iii) whether or not to stock a brand-name Combined Hormonal Contraceptive but not its generic counterpart; (iv) whether or not to stock a generic Combined Hormonal Contraceptive but not its brand-name counterpart; (v) how much to charge for generic and brand-name Combined Hormonal Contraceptives; and (vi) how much to differentiate between the price you charge for generic and brand-name versions of a given Combined Hormonal Contraceptive product.

Response:  Plaintiffs object to this interrogatory on the grounds that it is vague,

ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject

matter of this action and is not reasonably calculated to lead to the discovery of admissible

evidence, and seeks information subject to various legal and/or contractual confidentiality

restrictions.  Information concerning Plaintiffs' sales and profits (*i.e.,* "downstream sales") is not

relevant in any way to the claims and defenses in this case and will not lead to the discovery of

admissible evidence.  Plaintiffs also object on the grounds set forth in the General Objections.

6.    For each year since January 1, 2000, and by month within each such year, identify all insurance providers, third party payors, or other health benefit providers from whom you received any payments, reimbursements, or compensation relating to the sale of Ovcon 35, including for each transaction the provider's name(s) and address(es), the plan name(s), whether the plan was employer-sponsored, and if so, by whom, the policy number(s), the group I.D. number(s), the patient name, and whether the patient was the principal insured or a dependant of a principal insured.

Response:  Plaintiffs object to this interrogatory on the grounds that it is vague,

ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject

matter of this action and is not reasonably calculated to lead to the discovery of admissible

evidence, and seeks information subject to various legal and/or contractual confidentiality

restrictions.  Information concerning Plaintiffs' sales and profits (*i.e.,* "downstream sales") is not

relevant in any way to the claims and defenses in this case and will not lead to the discovery of

admissible evidence.  Plaintiffs further object to this interrogatory to the extent that it seeks

7

information in the custody of a third party. Plaintiffs also object on the grounds set forth in the

General Objections.

       7.    Identify and describe each contract, agreement, or understanding with a
third party in which you or the third party agreed to purchase, sell, manufacture, supply, or
distribute any product on an exclusive basis. Include in your answer a description of the product
and the terms of your agreement.

       <u>Response</u>: Plaintiffs object to this interrogatory on the grounds that it is vague,

ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject

matter of this action and is not reasonably calculated to lead to the discovery of admissible

evidence, and seeks information subject to various legal and/or contractual confidentiality

restrictions. Additionally, information concerning Plaintiffs' sales and profits (*i.e.,* "downstream

sales") and Plaintiffs' purchases and sales of pharmaceutical products other than Ovcon 35 is not

relevant in any way to the claims and defenses in this case and will not lead to the discovery of

admissible evidence. Plaintiffs also object on the grounds set forth in the General Objections.

       8.    Identify all damages you claim to have suffered. Please include in your
response the total amount of damages claimed and how such damages were calculated.

       <u>Response</u>: Plaintiffs object to this interrogatory as premature to the extent that it

seeks information that will be the subject of expert reports. Subject to and without waiving the

foregoing objections and the General Objections, Plaintiffs state that, as a general matter,

Plaintiffs seeks to recover overcharges paid as a result of Defendants' unlawful suppression of

generic competition in the market for sales of Ovcon 35 and its generic equivalents. But for

Defendants' unlawful conduct, a generic version of Ovcon 35 would have been introduced in

2004 at a price significantly lower than the price of branded Ovcon 35 and would quickly have

captured a large percentage of the market. Defendants' unlawful conduct prevented that generic

8

competition and resulted in the purchase of Ovcon 35 by Plaintiffs (or their assignors) at the

higher price of the branded drug rather than the lower price of the generic drug.

        9.     Identify and describe every agreement or communication reflecting,
referring, or relating to your employment or retention of counsel in this action, and any
arrangement regarding fees, costs or expenses, rights to share in a potential recovery, and fee-
sharing in this action with any person not a member of plaintiff's counsels' firm(s).

        <u>Response</u>:  Plaintiffs object to this interrogatory on the grounds that it is overly

broad, unduly burdensome and seeks information not relevant to the subject matter of this action

and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also

object to this interrogatory to the extent that it seeks the disclosure of information protected from

discovery by the attorney-client privilege and/or work-product doctrine.  Plaintiffs also object on

the grounds set forth in the General Objections.

                                Respectfully submitted,

                                Steve D. Shadowen
                                Monica L. Rebuck
                                HANGLEY ARONCHICK SEGAL & PUDLIN
                                30 North Third Street, Suite 700
                                Harrisburg, PA  17101-1701
                                Telephone:  (717) 364-1030
                                Facsimile:  (717) 364-1020

                                *Attorneys for Plaintiffs Rite Aid Corporation
                                and Rite Aid Hdqtrs. Corp.*

9

## Verification

I, James J. Comitale, hereby state that I am  Vice President & Assistant General Counsel for Rite Aid Corporation and that I am authorized to make this verification on behalf of Rite Aid Corporation.  I further state that the information contained in the foregoing responses to Barr Pharmaceuticals, Inc.'s First Set of Interrogatories to Rite Aid Corporation and Rite Aid HDQTRS. Corp. is true and correct to the best of my knowledge, information and belief, and I certify that the statements made herein are under penalty of perjury pursuant to 28 U.S.C. § 1746.

James J. Comitale

Dated: September 19, 2006

10

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel electronically via the Ovcon'35 Secure Deal Room website on September 20, 2006.

Monica L. Rebuck