# EXHIBIT F



30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
717-364-1020 /facsimile

One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
215-568-0300 /facsimile

20 Brace Road, Suite 201
Cherry Hill, NJ 08034
856-616-2170 /facsimile

www.hangley.com

**HANGLEY ARONCHICK SEGAL & PUDLIN**

*Attorneys at Law | A Professional Corporation*

---

**Monica L. Rebuck**
Direct Dial: 717-364-1007
E-mail: mrebuck@@hangley.com

Direct all responses to our Harrisburg address

April 13, 2007

**VIA EMAIL AND DEAL ROOM**

Sosun Bae, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

> Re:   **CVS Pharmacy, Inc., et al. v. Warner Chilcott Holdings
> Company III, Ltd., et al - No. 06-CV-00795 CKK
> United States District Court for the District of Columbia**

Dear Sosun:

This is in response to your April 3 letter seeking information referenced at David Vucurevich's October 19, 2006 deposition.

Your statement that "Rite Aid has failed to produce *any* documents reflecting its purchases of Ovcon 35" is misleading, at best. On October 5, 2006, Rite Aid produced electronic data showing its purchases of Ovcon 35, just as it said it would in its September 20 response to Barr's document requests. *See* Response to Document Request No. 1. Furthermore, those same document responses clearly state that Rite Aid objects to producing "[a]ll documents relating to your purchases of Ovcon," as was sought by Request No. 1. This Request is not only overly broad and unduly burdensome, but it also seeks information and documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Rite Aid stands by those objections.

Rite Aid also stands by its objections regarding the production of documents and data regarding sales to its customers. Under well-established federal antitrust laws, information regarding Rite Aid's sales is irrelevant to Rite Aid's claims and its overcharge damages theory. *See Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968); *see also In re Vitamins,* 198 F.R.D. 296, 301 (D.D.C. 2000) ("no court has ever allowed production of individualized downstream data"). Barr has not articulated any

Sosun Bae, Esq
April 13, 2007
Page 2

argument to the contrary. To the extent Barr is seeking this information for use in other litigation, there exists vastly superior and more comprehensive sources of data reflecting retail pricing information, namely data vendors such as IMS, which could compile such information. That data would provide Barr with nationwide data, not just the snapshot that Rite Aid's data would provide. Furthermore, obtaining that data from such a vendor would avoid the substantial burden that would otherwise be placed upon Rite Aid, a non-party to that other litigation.

As for the agreement between Rite Aid and McKesson, Rite Aid has not agreed to produce this document. This agreement contains extremely confidential information, and it is unclear how any relevant information provided therein would be anything but duplicative. At the deposition, the questions that were posed regarding this Agreement related to the terms under which Rite Aid purchases Ovcon from McKesson. *See, e.g.,* Vucurevich Dep. at 45, 133. Mr. Vucurevich answered those questions. Furthermore, Rite Aid previously produced data regarding the prices at which it purchases Ovcon from McKesson. Barr has not articulated any reason to believe this Agreement contains any responsive, relevant information that is not duplicative. Unless and until that happens, Rite Aid stands by its objection to producing this document.

As was made clear at Mr. Vucurevich's deposition, the conversations between Rite Aid and the FTC at issue took place as part of a joint prosecution effort. Rite Aid and the FTC orally agreed to jointly prepare their related cases, and the communications at issue were designed to further that effort. Furthermore, Rite Aid has not waived the privilege that attached to those communications. *See In re Sealed Case*, 29 F.3d 715, 719 n. 5 (D.C. Cir. 1994); *see also Mineba Co., Ltd. v. Papst*, 228 F.R.D. 13, 16 (D.D.C. 2005) (recognizing enforceability of oral joint defense agreement). As such, Rite Aid stands by its objection to disclosing these protected communications.

Rite Aid agrees to search for models and/or analyses of Balziva's impact on Rite Aid's purchase of Ovcon 35, as well as any agreements regarding the purchase of Ovcon 35, Chewable Fe, Femcon, Balziva and Zenchent. To the extent that any such documents are located, they will be produced as soon as possible. Rite Aid also agrees to bring current its electronic data production. That updated production will include Rite Aid's purchases (if any) of Ovcon 35, Ovcon 35 Fe, Femcon, Balziva and Zenchent. I cannot guarantee, however, that Rite Aid's production of this additional information will occur prior to the April 20 deadline you impose. Given that your letter is the first request I received in connection with David Vucurevich's deposition, which occurred nearly six months ago, I trust this will not cause a problem.

Very truly yours,

Monica L. Rebuck

cc: Counsel via Deal Room