UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CVS PHARMACY, INC., *et al.*,   )
                                )
          Plaintiffs,           )
     v.                         )
                                )
WARNER CHILCOTT HOLDINGS        )   Civil Action No. 1:06-CV-00795 (CKK/AK)
CO., III, LTD., *et al.*,       )
                                )
          Defendants.           )
                                )

## MEMORANDUM ORDER

Pending before the Court is Defendant Barr Pharmaceutical Inc.'s Motion to Compel Answers to Interrogatories and the Production of Documents from Rite Aid Corporation and the Rite Aid Headquarters Corporation ("Motion to Compel") [68]; Memorandum of Plaintiffs Rite Aid Corporation and Rite Aid Hdqtrs. Corp. (collectively, "Rite Aid") in Opposition to Motion to Compel ("Opposition") [73]; and Defendant Barr Pharmaceutical Inc.'s ("Barr") reply to the Opposition ("Reply") [83]. In its Motion to Compel, Barr requests the production of documents and information responsive to its discovery requests including:

> (1) documents and information regarding Combined Hormonal Contraceptives (CHCs) other than Ovcon 35 and its generic equivalents, (2) documents and information regarding Rite Aid's sales and pricing of Ovcon 35 and other CHCs, (3) Rite Aid's supply agreement with McKesson Corporation (under which it purchased Ovcon 35), and (4) documents regarding Rite Aid's joint prosecution agreement with the Federal Trade Commission ("FTC").

(Motion to Compel at 1.)

### Background

On August 22, 2006, Barr served Rite Aid with its First Request for Production of

Documents and First Set of Interrogatories. (Motion to Compel at 3.) Rite Aid responded to Barr on September 20, 2006, primarily by asserting objections based on relevance and burden. (Motion to Compel, Exhibit B, Rite Aid's Responses to Barr's Discovery.) According to Barr, Rite Aid has not produced documents responsive to any of the aforementioned four categories.[1] to Compel at 2.) On June 28, 2007, Rite Aid filed the instant Motion to Compel.

## Legal Standard

Pursuant to Fed. R. Civ. P. 26(b)(1) parties may request discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any . . . documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevance is broadly construed. *See, e.g., Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005). "A showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984) (citing Fed. R. Civ. P. 26(b)(1)). If a relevancy objection has been raised, the party seeking the discovery must demonstrate that the information sought to be compelled is discoverable. *See Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 316, 325 (D.D.C. 2000).

A court may limit discovery on its own initiative, if it determines that the "burden or

---

[1] Barr notes that it requested production of documents responsive to categories (3) and (4) above after such documents were identified during the deposition of Rite Aid's Vice President of Pharmacy Purchasing. (Motion at 4.)

expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving those issues."  *See* Fed. R. Civ. P. 26(b)(2)(iii); *Hammerman v. Peacock*, 108 F.R.D. 66, 67 (D.D.C. 1985) (Rule 26(b)(1) was amended to give the court the power, *sua sponte*, to limit discovery); *United States v. Krizek*, 192 F.3d 1024, 1029 (D.C. Cir. 1999) (A trial court has considerable discretion over discovery matters); *Food Lion, Inc. v. United Food and Commercial Workers Int'l. Union,* 103 F.3d 1007, 1012 (D.C. Cir. 1997) ("[A] district court's decision to permit or deny discovery is reviewable only for an abuse of discretion.") (citation omitted).

The party seeking discovery "bears the burden of fashioning [discovery] requests appropriately."  *Washington v. Thurgood Marshall Academy*, 232 F.R.D. 6 (D.D.C. 2005) (quoting *Peterson v. Hantman*, 227 F.R.D. 13, 17 (D.D.C. 2005.)  The party objecting to discovery requests must explain its objections in detail as opposed to relying on general assertions.  *See United States ex rel. Pogue v. Diabetes Treatment Centers of America*, 235 F.R.D. 521, 523-24 (D.D.C. 2006) (citing *Alexander v. FBI*, 192 F.R.D. 50, 53 (D.D.C. 2000) ( "[A] party objecting to an interrogatory on [the] basis [of undue burden] must explain in detail how the interrogatory is burdensome.")

<u>Motion to Compel</u>

As a preliminary matter, Rite Aid argues that Barr's Second Motion to Compel is untimely because although Rite Aid's responses and objections to Barr's discovery requests were served in September 2006 and noted during an October 2006 deposition, Barr did not file its Motion to Compel until June 2007, approximately one and one-half weeks prior to the July 6,

2007 close of fact discovery. The Court thus finds that this Second Motion to Compel should not be denied on grounds of untimeliness because it was filed prior to the close of fact discovery and the trial court has not yet set a schedule for dispositive motions.

    The instant Motion to Compel was one of several motions addressed by this Court at a hearing held on July 31, 2007. At the hearing, counsel for Barr and counsel for Rite Aid acknowledged that the first two aforementioned requested categories of documents and information overlap with the documents and information requested by Barr from the *Walgreen* and *Meijer* Plaintiffs. Rite Aid's counsel further acknowledged that arguments opposing such production mirror the arguments made by those Plaintiffs. On September 21, this Court issued a Memorandum Opinion and accompanying Order addressing the production of documents and information regarding Combined Hormonal Contraceptives (CHCs) other than Ovcon 35 and its generic equivalents [category (1) above], and the sales and pricing of Ovcon 35 and other CHCs [category (2) above]. For purposes of judicial economy and in an effort to treat the Plaintiffs consistently, this Court incorporates by reference its analysis and ruling on those two issues, as set forth in the Memorandum Opinion [docketed at [85] in the *Walgreen* case and [134] in the *Meijer* case ].[2] Rite Aid is accordingly directed to produce pricing and sales data for four (4) CHCs (other than Ovcon and its generic equivalents), to be selected by Barr, for the period of time beginning when the agreement between Warner-Chilcott and Barr became effective through the date when Balziva became available to the public. The format of such sales and pricing data shall be more specifically defined by the parties at a meet and confer. The production of such

---

[2]The Court notes that Rite Aid incorporated by reference portions of the oppositions filed by the *Walgreen* and *Meijer* Plaintiffs with regard to Barr's request for discovery of pricing and sales data. (Opposition at 12.)

data shall be made within 30 days after the meet and confer between the parties.

    Rite Aid is further instructed to comply with the Court's directive that the parties meet and confer to compromise on the limited production of sales data or information about pricing formulas employed by Rite Aid, relevant to Barr's raising a cost-plus exception.  If the data requested by Barr is unavailable or it is overly burdensome to produce, Rite Aid may seek further intervention by this Court.  The parties are strongly urged, however, to make a good faith effort to compromise on production of some of the data sought by Barr, subject to agreement regarding the format in which such information will be conveyed.

    The issues of production of Rite Aid's supply agreement with McKesson [category (3) above] and its joint prosecution agreement with the FTC [category (4) above] have not been previously addressed by this Court.  Rite Aid contests production of the McKesson supply agreement on grounds that this agreement not only controls the purchase pricing for Ovcon 35 and its generic counterparts but it is a "master agreement that governs the purchase of every one of thousands of pharmaceutical products Rite Aid purchases from McKesson" and it is highly confidential. (Opposition at 12.)   Rite Aid further asserts that it has "already produced purchase data that shows the actual prices Rite Aid paid for Ovcon 35 and its generic counterparts [and] . . . [their] witness answered questions regarding the terms under which Rite Aid purchases Ovcon from McKesson." (Opposition at 13.)  The Court denies Barr's request for production of the McKesson supply agreement on grounds that Barr has already been provided with relevant information regarding pricing for Ovcon 35 and its generic equivalents and further, Rite Aid's interest in maintaining the confidentiality of the terms of this supply agreement outweigh Barr's interest in obtaining access to the entire agreement.

Regarding the production of the joint prosecution agreement, Barr clarifies [in its Reply] that it "does not seek discovery of privileged material exchanged between Rite Aid attorneys and FTC attorneys; rather Barr seeks discovery of documents regarding **the agreement itself**- that is, documents regarding the existence, terms, and scope of the agreement." (Reply at 11.) (Emphasis supplied by Barr.) In its Opposition and also at the July 31, 2007 hearing, counsel for Rite Aid represented to the Court that there are no written documents reflecting the joint prosecution agreement; instead, it is an oral agreement. The terms of the agreement have been set forth in a Declaration filed by Rite Aid's counsel, which is attached as Exhibit C to the Opposition. The Court finds that Rite Aid's production of information relating to the joint prosecution agreement is sufficient, particularly in light of the fact that the agreement itself is oral.[3] Accordingly, it is this 1st day of October, 2007,

ORDERED that Barr's Motion to Compel [68] is granted in part and denied in part. As explained in more detail herein, Rite Aid will produce information and documents responsive to the requested information in categories (1) and (2) above, including pricing and sales data for four (4) CHCs (other than Ovcon and its generic equivalents), to be selected by Barr, for the period of time beginning when the agreement between Warner-Chilcott and Barr became effective through the date when Balziva became available to the public, and sales data or information about pricing formulas employed by Rite Aid. Rite Aid need not produce its supply agreement with McKesson or additional information about its joint prosecution agreement with

---

[3] The Court cannot compel production of documents that do not exist.

the FTC, in response to categories (3) and (4), respectively.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE